UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RYAN LEDEAN GILLESPIE,

        Petitioner,                        Case No. 1:23-cv-1289

v.                                            Honorable Paul L. Maloney

RUSSELL OLMSTEAD,

        Respondent.
_____/

**OPINION**

Petitioner Ryan LeDean Gillespie is a pretrial detainee confined to the Wexford County Jail. He previously filed a petition for writ of habeas corpus in the matter of *Gillespie v. Olmstead*, No. 1:23-cv-1100 (W.D. Mich.), which was dismissed without prejudice for Petitioner's failure to exhaust available state court remedies and as premature given the relief requested. This is Petitioner's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1), claiming that his pretrial detention violates his constitutional rights. This matter is presently before the court on Petitioner's motion for leave to proceed *in forma pauperis*, (ECF No. 2), and for preliminary review under 28 U.S.C. § 2243.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] If so, the petition must be

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice as premature and because the relief he seeks is not available by way of a pretrial habeas petition.

## Discussion

### I.     Leave to Proceed *in Forma Pauperis*

The filing fee for a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). Petitioner has requested leave of court to proceed *in forma pauperis*, without prepayment of the filing fee (ECF No. 2) under 28 U.S.C. § 1915(a)(1), and he has filed an affidavit of indigence. It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis*.

### II.    Factual Allegations

Petitioner is detained at the Wexford County Jail in Cadillac, Michigan, on charges of unlawful driving away of a motor vehicle, in violation of Mich. Comp. Laws § 750.413, breaking and entering a building with intent to commit the unlawful driving away of a motor vehicle, in violation of Mich. Comp. Laws § 750.110, and receiving and concealing a stolen motor vehicle, in violation of Mich. Comp. Laws § 750.535.(7). (ECF No. 1, PageID.6–7; ECF No. 1-1, PageID.12–14). He contends that, since becoming detained on January 6, 2023, he has been denied a preliminary hearing in violation of Michigan law. (ECF No. 1, PageID.2.) Petitioner also claims

that he is being prosecuted based upon a "falsified" police report in violation of his Fourth and Fourteenth Amendment rights. (*Id.*)

Petitioner alleges that he initially filed a grievance with "judicial tenure." (*Id.*) He also contends that he appealed his claims to the Michigan Court of Appeals. (*Id.*, PageID.3.) A search of publicly available court records reveals that Petitioner's application for leave to appeal to the Michigan Court of Appeals was dismissed without prejudice for failure to pursue the case in conformity with the Michigan Court Rules. *People v. Ryan LeDean Gillespie*, Docket No. 366925 (Mich. Ct. App. Sept. 5, 2023). Petitioner did not appeal the September 5, 2023, order to the Michigan Supreme Court. *See* Michigan Courts Case Search, https://www.courts.michigan.gov/case-search/ (enter "Ryan LeDean Gillespie," select "search") (last visited Jan. 2, 2024). Petitioner instead filed two actions in this Court. The first, as discussed above, was dismissed without prejudice on November 27, 2023. Four days later, Petitioner filed the present petition.

Petitioner seeks a declaration from this Court that Petitioner's constitutional rights were violated, a preliminary hearing, and for this Court to "order the lower court to discharge . . . Petitioner." (ECF No. 1, PageID.8.)

**III.    Premature Request for Relief**

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a prejudgment detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved

3

either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a prejudgment § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).

None of Petitioner's claims regarding his pending charges and detention fall within any of these exceptional circumstances. Furthermore, Petitioner is asking the Court to "discharge" Petitioner from his confinement and require that the state court dismiss the charges against him. That relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petition brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In re Justices of Superior Court Dep't of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

Moreover, as the Court instructed Petitioner with respect to his earlier petition, even if Petitioner's grounds for relief were permitted, he would still have to exhaust his state court remedies. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state court remedies in all habeas action); *Klein v. Leis*,

4

548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981) (holding that a pretrial detainee may file a Section 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner does not indicate that he has sought relief in the Michigan Supreme Court. A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq*. Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief. Unless and until Petitioner has fairly presented his federal habeas issues to the Michigan courts, he has not exhausted his remedies such that this Court might consider Petitioner's challenges to his pretrial detention.

**IV.    Request for Declaratory Relief**

Within his application for habeas relief, Petitioner also seeks a declaration from this Court that Petitioner's constitutional rights were violated. (ECF No. 1, PageID.8.) However, because

5

Petitioner has chosen to pursue relief by way of a habeas petition, the available relief is circumscribed. *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020). Habeas corpus is the exclusive federal remedy for a challenge to the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 486–87 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). A claim seeking relief other than release is properly brought under 42 U.S.C. § 1983. *Id.* at 494.

Courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (discussing that the reasons for not allowing a prisoner to transform a § 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019))); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit"). Therefore, the Court will dismiss Petitioner's request for declaratory relief without prejudice. If Petitioner intends to bring a civil action for forms of relief other than his release from confinement,

6

Petitioner may file a separate action on the form approved by this Court. *See* W.D. Mich. L.CivR 5.6(a).

## V.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied because the relief he seeks is not available by way of a pretrial habeas petition. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion or, based on the relief requested, as premature. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing of a denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter an order and judgment granting Petitioner's request for leave to proceed *in forma pauperis*, dismissing the petition without prejudice as premature and because the relief Petitioner seeks is not available by way of a pretrial habeas petition, and denying a certificate of appealability.

Dated:   January 25, 2024                         /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge